CORNELIUS STALEY *vs.* JOHN B. THOMAS & SON.

*Parol contract—Action for Breach of Parol contract—Evidence—Amendment of Declaration—Discretion of Court—Appeal.*

In an action to recover damages for the alleged breach of a parol contract, the plaintiff in his declaration averred, that the defendants, real estate agents, agreed verbally to sell him a farm belonging to S. the price to be paid therefor, being $2,740 ; that in consideration of the payment of $200 in cash, and $800 on the 1st of April next ensuing, the defendants would loan the plaintiff the residue of the purchase money on a mortgage on the farm; that the plaintiff paid the $200, and was ready and willing to pay the $800, on the 1st of April, but that the defendants declined to furnish the money on the mortgage, as stipulated in the contract. On the trial, the plaintiff offered to prove, not that the sum of $800 had been paid on the 1st of April, but that he had given S. a bill of sale on his personal property as security for the payment. HELD:

That the evidence offered was not pertinent to the issue presented by the pleadings, and was therefore inadmissible.

Where money is due on a certain day, the mere fact that the person to whom it is due and payable, does not object to its non-payment on that day does not relieve the person who had agreed to pay it at that time, from his obligation; and proof of the failure to object to such non-payment is inadmissible.

In an action for the alleged breach of a parol contract by real estate agents to advance part of the purchase money to the purchaser of land on a sale made by them, evidence by the plaintiff to prove that the owner had agreed to accept a bill of sale for $800, part of the purchase money, instead of a payment in cash, and also the principal inducement which caused the plaintiff to enter into the agreement with the owner for the purchase of the land, is inadmissible.

It is within the discretion of the Court to refuse to allow an amendment of the declaration after the jury has been instructed to find for the defendants, and from such refusal no appeal will lie.

APPEAL from the Circuit Court for Frederick County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, ROBINSON, IRVING, and BRYAN, J.

*Frederick J. Nelson,* for the appellant.

*Milton G. Urner,* for the appellees.

YELLOTT, J., delivered the opinion of the Court.

The appellant instituted an action in the Circuit Court for Frederick County against the appellees; the plaintiff claiming damages for the alleged infraction of a parol contract. In his declaration the plaintiff avers that the defendants, who constituted a firm for the sale of real estate, had entered into a verbal agreement with him in relation to the purchase of a farm belonging to one Shields, and located in said county. By the terms of this agreement the price to be paid for the property was $2,740; and in consideration of the payment by the plaintiff of $200 in cash, and $800 on the first of April next ensuing, the defendants were to loan the residue of the purchase money on a mortgage on said farm. The plaintiff further avers in his declaration that he paid the $200, in accordance with the stipulation in said agreement, and was ready and willing to pay $800 on the first of April, but that the defendants declined to furnish the money on mortgage in conformity with the obligations imposed on them by the terms of said parol contract.

The verdict and judgment were for the defendant and there are six bills of exception in this record. The first exception is founded on the rejection of evidence in relation to the payment of the sum of $800 mentioned in the declaration. The averment is that this sum was to be

paid in cash on the first of April, 1885. The plaintiff offered to prove, not that this sum had been paid on the first day of April, 1885, in accordance with the terms of the parol contract sued on, but that he had given Shields a bill of sale on his personal property as security for the payment. He alleges in his declaration that, by the terms of the contract, he was under an obligation to pay the money on the first of April, 1885, and he offered to prove that he did not pay the money in accordance with said obligation but had given security that he would pay it at some future time. Here it is clear that the *allegata* was not supported by the *probata*. The evidence was not pertinent to the issue presented by the pleadings and the Court properly rejected it. *Clark vs. State,* 8 *Gill & J.,* 111.

The plaintiff offered to prove that at no time did the defendants make any objection to the non-payment in cash of the sum of $800 by the plaintiff. The Court refused to admit this testimony and this ruling forms the foundation for the second bill of exception. It is manifest that the fact that the defendants made no objection, did not exempt the plaintiff from the obligation to pay on the day designated in the contract. In order to relieve himself from such obligation it was necessary to prove that the defendants consented and agreed that the payment should be postponed to a later period. An inference deducted from the taciturnity of the defendants did not supply the requisite proof. The Court was right in rejecting the testimony. And the same observations apply to the fourth bill of exception. The plaintiff offered to prove by Shields that he, Shields, had agreed to accept a bill of sale for $800 instead of a payment in cash. How this agreement could affect the legal rights of the defendants it is difficult to perceive. The Court very properly ruled that the evidence was inadmissible.

The third exception is founded on the refusal of the Court to allow the plaintiff to offer testimony tending to

prove the principal inducement which caused him to enter into the agreement with Shields appearing in the record. This testimony was not pertinent to the issue and there was no error in rejecting it. This is a suit on a parol contract between the plaintiff and the firm of Thomas & Son, and the motive which led to the formation of another contract between the plaintiff and a third party could not possibly affect the issue on trial. And this Court has decided that the inducements which led to the formation of a contract were "perfectly immaterial." *Clagett vs. Easterday*, 42 *Md.*, 617.

The sixth exception was to the ruling of the Court in refusing to allow an amendment after the jury had been instructed to find for the defendant. This was an exercise of the discretionary power of the Court and from it no appeal could be taken. As was said in *Calvert vs. Carter*, 18 *Md.*, 108, "no appeal will lie from the action of the Court on an application to amend."

The Court granted a prayer offered by the defendants, and on the ruling of the Court in granting this prayer is founded the fifth bill of exception. The jury were instructed that the verdict should be for the defendants, because there was no legally sufficient evidence from which they could find that the plaintiff was ready and offered to pay the sum of $800, as alleged in the declaration. In other words, the jury were told that the averment was not supported by any pertinent proof. No error was committed in granting this instruction.

The judgment of the Court below should be affirmed.

*Judgment affirmed.*